# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:06-M.J.-00129 LJO |
| Plaintiff, | DECISION AFTER COURT TRIAL |
| vs. | |
| DARDEN BAUMANN, | |
| Defendants. / | |

## APPEARANCES

The United States Government is represented by Assistant United States Attorney Mark Cullers and Certified Law Student Marjorie Webb.

Defendant Darden Baumann is represented by Counsel Timothy V. Magill of the Magill Law Offices.

## INFORMATION

The Government filed an Information with four counts, each for a separate alleged violation pursuant to 36 Code of Federal Regulations, section 2.60(a) on Federal Land in the Kings Canyon National Park as follows:

1) September 27, 2004 on the General's Highway, 1 mile S of Wye;

2) Ocotber 10, 2004 on the General's Highway, 1.1 miles S of Wye;

3) October 11, 2004 on the General's Highway, .9 miles S of Wye;

4) October 22, 2004, just off the General's Highway, at the Redwood Canyon Trail Land turnoff.

The Government made a motion to dismiss Count two at the time of trial. There was no objection, and the Court granted the motion. Trial proceeded on Counts one, three and four.

TRIAL

The one day court trial took place on May 23, 2006.  The following witnesses testified:

1) National Park Service employee Pat Lineback

2) National Park Service Ranger Gregg Fauth

3) Forest Service Ranger John Exline

4) Forest Service Ranger Daniel Anslinger

5) National Park Service Ranger John Anderson

6) National Park Service Ranger Nate Inouye

7) California State Brand Inspector Joey Evans

8) Cathy Williams

There were numerous photographs and documents offered and received into evidence during the taking of evidence.

Upon the conclusion of testimony taken, both Counsel requested an opportunity to submit a Memorandum of Points and Authorities, along with their written closing argument. The specific issue to be addressed in the post trial briefs was whether or not the Government mus prove willfullness under the charged statute.  Defendant's brief was due on or before June 2nd, with the Government's brief due on or before July 7th.  Pursuant to stipulation between counsel, the dates were extended.

On June 22, 2006, Defendant filed it's Points and Authorities, accompanied with a Motion for Judgment of Acquittal Pursuant to Federal Rules of Criminal Procedure Rule 29.   The basis for the Motion for Judgment of Acquittal is fourfold:

1) selective prosecution,

2) vagueness and ambiguity of the statute,

3)  that the statue provides for a civil penalty and not a criminal one,

4)  that the prosecution has not proven the case by a beyond-a-reasonable-doubt standard.

On August 1, 2006, Plaintiff Government filed its opposition brief, and the Court deemed the matter to be under submission.

## STATUTORY VIOLATIONS ALLEGED

Three Count of 36 Code of Regulations, section 2.60(a) provides:

"The running-at-Large, herding, driving across, allowing on, pasturing or grazing of livestock of any kind in a par area or the use of a park area for agricultural purposes is prohibited..."

## DISCUSSION AND FINDINGS

On the issue of alleged selective prosecution, the Government points out the numerous pieces of admitted evidence to illustrate an absence of selective prosecution. Before the Court can arrive at that analysis, it must first examine the Defendant's assertion that there exists such selective prosecution. The mere argument is insufficient. The Court needs facts from evidence admitted at the trial. Frankly stated, there is no evidence that there was selective prosecution in the instant case, and there is no citation to the record that would or could substantiate the claim. The Court need go no further in the analysis.

On the issue of alleged vagueness of the statute in question, the Court finds that the language of the stature is plain, clear, straightforward and understandable. It provides clear notice of what conduct is being controlled and prohibited. A demand that definitions of unambiguous terms within a statute be spelled out within a statute has never by itself established vagueness; nor does it now.

The Court holds as a matter of law that the statute in question is a general intent statute. Furthermore, there is neither question nor contradiction in the record that the knowledge requirement has been fulfilled. Such an absence of knowledge is not being argued.

The Court further holds that the statute in question is encompassed for penalty purposes by 36 CFR section 1.3(a). The statute charged is a criminal statute, and not a civil one.

36 CFR section 7.8 (d)(1) [miscited in the opposition brief as section 7.80] [provides for the designated location for the movement of stock. The statutory location so designated does not coincide with any of the locations found in any of the citations.

The evidence of the ownership of the cattle in question, both direct and indirect, prove that the cattle belonged to the defendant. The testimony of Rangers Anslinger, Anderson and Inouye was credible and strong. Brand Inspector Joey Evans' testimony did not impeach the Rangers.

1   The factual issue remaining is whether or not the defendant, or the defendant's agent, was controlling the movement of the cattle as required by the permit and the statute. Here, it appears as though Cathy Williams was driving the cattle. This Court need not find, nor does it find that she was not working at her job with diligence. She apparently was. The issue is compliance with the statute. The overwhelming evidence, no matter how high or how low the standard of proof, shows that the cattle was allowed to wander, in an unattended fashion, in violation of the statute. This is true on all three occasions: September 27, 2004, October 11, 2004, and October 22, 2004. With regard to Count 4, the Court does believe Ms. Williams' testimony that she could see the Ranger with the cattle from her position up the hill, but did not come down because of an earlier disagreement that resulted in her dislike of the Ranger. The fact that she could see the cattle does not abrogate the violation. The Court finds the defendant guilty on Counts one, three and four.

### ORDER RE SENTENCING

This matter is ordered to Probation for a report and recommendation. The Clerk of the Court is ordered to serve a copy of this order on both counsel and the Federal Probation Officer. Sentencing will take place on Friday October 13, 2006 at 8:15 a.m.    Defendant is required to be present.

IT IS SO ORDERED.

**Dated:    August 1, 2006**            /s/ Lawrence J. O'Neill
b9ed48                                   UNITED STATES MAGISTRATE JUDGE